**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| CEDARS-SINAI MEDICAL CENTER, a California nonprofit public benefit corporation, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO.  1:19-mc-91041 |
| -against- | ) ) ) | |
| QUEST DIAGNOSTICS INCORPORATED, a Delaware corporation, and QUEST DIAGNOSTICS NICHOLS INSTITUTE, a California corporation, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) ) | |

**QUEST'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THIRD-PARTY ANTHONY LEMBO TO COMPLY WITH SUBPOENA TO PRODUCE DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 45(d)(2) and Local Rule 37.1, Defendants

Quest Diagnostics Incorporated and Quest Diagnostics Nichols Institute (collectively, "Quest")

and submit this Motion to Compel Document Production from non-party Anthony Lembo ("Dr.

Lembo").  Quest issued a subpoena for Dr. Lembo's deposition and for production of documents.

While Quest and Dr. Lembo have agreed to a date and location for his deposition, Dr. Lembo has

refused to produce any documents.  Dr. Lembo's deposition is currently scheduled for February

25, 2019, and he should be ordered to produce documents in advance of that deposition.

Pursuant to Local Rule 37.1, the parties conducted a telephonic conference of counsel on

January 23, 2019, at 2:00 p.m. PST for about twenty minutes.  Blake Greene and Anna Do of

Dechert LLP participated on behalf of Quest.  Lisa D. Zang of Wilson Sonsini Goodrich &

Rosati participated on behalf of Dr. Anthony Lembo.  Counsel for the parties discussed Dr.

Lembo's objections and refusal to produce any documents in response to Quest's subpoena for production of documents.  The parties were not able to resolve any of the issues.

## BACKGROUND

### I.        The Parties and the Lawsuit

This is a patent infringement and trade secrets case pending in the Central District of California.  The common thread in the claims is the allegation that Quest violated Cedars-Sinai's rights by developing and commercializing IBSDetex™, a diagnostic test for a medical condition called Diarrhea-Predominant Irritable Bowel Syndrome ("D-IBS").

In November 2013, Plaintiff Cedars-Sinai Medical Center ("Cedars-Sinai") approached Quest concerning the potential commercialization of a diagnostic test for IBS.  Declaration of Anna Do ("Do Decl."), Ex. 6, Second Amended Complaint ("SAC") ¶ 4.  IBS is a common disease of the digestive tract that causes diarrhea, constipation, or alternating patterns between the two.  *Id*. ¶ 2.  The test involves testing a patient's blood for the presence of two antibodies: anti-CdtB and anti-vinculin.  *Id*. ¶ 25.  To evaluate this potential opportunity, Quest agreed to a confidentiality agreement and began negotiating with Cedars-Sinai for a license to its pending patents.  *Id*. ¶ 4.  Cedars-Sinai provided certain information about its technology to Quest, but ultimately the parties were not able to reach an agreement on a license.  *Id*. ¶ 44.

Cedars-Sinai initiated an action in the Central District of California against Quest alleging four claims: 1) trade secret misappropriation, in violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836; 2) trade secret misappropriation, in violation of the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3426; 3) breach of contract; and 4) patent infringement. *See generally* Ex. 6, SAC.

Quest has asserted, among other defenses, that the subject patent is invalid as a matter of

law under 35 U.S.C. § 101 and the alleged trade secrets and proprietary information were either never secret or were subsequently became publicly available through no conduct of Quest. For example, in May 2015, Cedars-Sinai published a detailed description of its clinical study showing a correlation between the presence of anti-CdtB and anti-vinculin antibodies in a patient's bloodstream and the D-IBS disease state in a research publication in the "open access" scientific journal PLoS ONE. Do Decl., Ex. 8 (Mark Pimentel et al., Development and Validation of a Biomarker for Diarrhea-Predominant Irritable Bowel Syndrome in Human Subjects, 10 PLoS ONE 5 (2015) ("PLoS ONE article")). This PLoS ONE article contains nearly all information that was contained in the allegedly confidential manuscript that Cedars-Sinai provided during the parties licensing discussions. The Second Amended Complaint cites the PLoS ONE article and avers that the '884 patent incorporates it by reference. Ex. 6, SAC ¶ 15.

## II.      Third-Party Dr. Anthony Lembo

Cedars-Sinai's discovery responses reveal that Dr. Lembo was involved in the development of Cedars-Sinai's diagnostic test described in the '884 Patent and in the development of Cedars-Sinai's purported trade secrets. Do Decl., Ex. 5 (Cedars-Sinai's Interrogatory Response Nos. 19, 20, 22). Furthermore, Dr. Lembo is listed as a co-author of one of the documents that Cedars-Sinai claims is a proprietary trade secret document – the allegedly confidential manuscript submitted to the New England Journal of Medicine – that Cedars-Sinai alleged Quest misappropriated or disclosed. *See* Ex. 6, SAC ¶ 40. Dr. Lembo was also a co-author and contributor to the article *Development and Validation of a Biomarker for Diarrhea-Predominant Irritable Bowel Syndrome in Human Subjects*, 10 PLoS ONE 5 (2015) ("PLoS One Article").

Dr. Lembo undeniably has information relevant to the claims and defenses in this case. But Dr. Lembo, who is represented by the same counsel representing Cedars-Sinai, has refused to produce any documents in response to Quest's three narrowly-tailored requests for documents. Dr. Lembo's objections do not provide a basis for withholding responsive documents, and Dr. Lembo should be ordered to immediately produce all responsive documents before his deposition.

## ISSUES IN DISPUTE

The following are the Requests at issue, along with Dr. Lembo's responses thereto.

**REQUEST FOR PRODUCTION NO. 1:**

All correspondence (including but not limited to e-mails) to or from Mark Pimentel, Ali Rezaie, Christopher Chang, or Salix Pharmaceuticals, Inc. regarding diagnostic testing for irritable bowel syndrome, including correspondence regarding the research described in Mark Pimentel et al., Development and Validation of a Biomarker for Diarrhea-Predominant Irritable Bowel Syndrome in Human Subjects, 10 PLoS ONE 5 (2015).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Dr. Lembo hereby incorporates by reference each and every objection stated in the General Objections as if fully set forth in these specific objections.

Dr. Lembo also objects to this Request to the extent it seeks proprietary, confidential, or commercial information of a non-party; seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or any other applicable privilege, immunity, or protection; seeks documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party; is overbroad and unduly burdensome in that it is directed to a non-party and, for example, seeks "[a]ll correspondence (including but not limited to e-mails)" to or from the named individuals pertaining to the specified subject matter; seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case; seeks documents that are obtainable from some other source that is more convenient, less burdensome, or less expensive, such as the parties to the litigation; and seeks disclosure of documents or information not in Dr. Lembo's possession, custody, or control.

Subject to and without waiving the foregoing objections, including, specifically but without limitation, those that implicate Dr. Lembo's status as a non-

party, Dr. Lembo responds as follows: Dr. Lembo will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 2:**

All correspondence (including but not limited to e-mails) to or from the New England Journal of Medicine regarding any manuscripts submitted to the New England Journal of Medicine regarding diagnostic testing for irritable bowel syndrome.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Dr. Lembo hereby incorporates by reference each and every objection stated in the General Objections as if fully set forth in these specific objections.

Dr. Lembo also objects to this Request to the extent it seeks proprietary, confidential, or commercial information of a non-party; is overbroad and unduly burdensome in that it is directed to a non-party and, for example, seeks "[a]ll correspondence (including but not limited to e-mails) to or from the New England Journal of Medicine regarding any manuscripts submitted to the New England Journal of Medicine" pertaining to the specified subject matter; seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case; seeks documents that are obtainable from some other source that is more convenient, less burdensome, or less expensive, such as the parties to the litigation; and seeks disclosure of documents or information not in Dr. Lembo's possession, custody, or control.

Subject to and without waiving the foregoing objections, including, specifically but without limitation, those that implicate Dr. Lembo's status as a non-party, Dr. Lembo responds as follows: Dr. Lembo will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 3:**

All drafts and final versions of funding proposals, including grant proposals, regarding research on diagnostic testing for irritable bowel syndrome.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Dr. Lembo hereby incorporates by reference each and every objection stated in the General Objections as if fully set forth in these specific objections.

Dr. Lembo also objects to this Request to the extent it seeks proprietary, confidential, or commercial information of a non-party; is overbroad and unduly burdensome in that it is directed to a non-party and, for example, seeks "[a]ll drafts and final versions" pertaining to the specified subject matter; seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case; seeks documents that are obtainable from some other source that is more convenient, less burdensome, or less expensive, such as the parties to the litigation;

and seeks disclosure of documents or information not in Dr. Lembo's possession, custody, or control.

Subject to and without waiving the foregoing objections, including, specifically but without limitation, those that implicate Dr. Lembo's status as a non-party, Dr. Lembo responds as follows: Dr. Lembo will not produce any documents in response to this request.

Cedars-Sinai and Dr. Lembo have already conceded that Dr. Lembo has relevant information by agreeing to his deposition.  The foregoing Requests were narrowly tailored to minimize any burden of collection on Dr. Lembo.  They are directed to specific subject matter which is at the heart of this litigation—diagnostic testing for irritable bowel syndrome—and, for Requests Nos. 1 and 2, limited to a handful of senders and recipients.  There can be no dispute that the information sought is highly relevant to this litigation.  For example, the requested correspondence (Request Nos. 1 and 2) relates to development of the diagnostic assay for IBS described in the patent-in-suit and whether Cedars-Sinai's purported trade secrets were publicly known.  And the requested funding proposals (Request No. 3) relate to, among other things, characterizations and efficacy of the IBS diagnostic assay, which implicate validity issues.

Dr. Lembo's boilerplate objections that the Requests are overbroad and burdensome are baseless.  The burden lies on the party resisting discovery made pursuant to a subpoena to show that the documents are either unduly burdensome or privileged.  *In re Denture Cream Prod. Liab. Litig.*, 292 F.R.D. 120 (D.D.C. 2013), *see also Millennium TGA, Inc. v. Comcast Cable Commc'ns LLC*, 286 F.R.D. 8, 11 (D.D.C.2012) ("The person objecting to production has a heavy burden to show that the subpoena should not be enforced.").  Dr. Lembo has not provided any reason why producing documents responsive to these focused requests would be unduly burdensome or expensive.  In fact, during the parties' meet and confer regarding Dr. Lembo's objections and responses, counsel for Dr. Lembo admitted that she did not know the volume of responsive documents.  Do Decl. ¶ 10.

Furthermore, Dr. Lembo's objection that the Requests seek confidential or proprietary information has no merit because (1) there is a protective order in place (Do Decl., Ex. 7); and (2) the information sought relates to information that Cedars-Sinai has claimed it owns and is the subject of this lawsuit.  Given the importance of the information sought, Dr. Lembo should produce all responsive documents in advance of his deposition currently scheduled for February 25, 2019.

Finally, Dr. Lembo's objection that the documents sought by Quest could be attained from Plaintiff Cedars-Sinai is unavailing.  The requests specifically ask for communications between Dr. Lembo and other third-parties, and therefore these documents would not be in Cedars-Sinai's possession.  As for communications with Dr. Pimentel, although he is an employee of Cedars-Sinai, Dr. Lembo may possess responsive documents that are no longer in Dr. Pimentel's possession.  Moreover, Dr. Lembo may have communicated with Dr. Pimentel in his individual capacity.

Accordingly, Quest respectfully requests an order compelling Dr. Lembo to produce all documents responsive to the foregoing Requests, and to produce them before his deposition.

Dated:  Austin, Texas.
        January 29, 2019

Respectfully submitted,

QUEST DIAGNOSTICS INCORPORATED
AND QUEST DIAGNOSTICS NICHOLS
INSTITUTE

By: */s/ Blake Greene*

Blake Greene (BBO# 681781)
DECHERT LLP
300 West 6th Street, Suite 2010
Austin, TX  78701-3902
+1  512  394  3000

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and no agreement was reached.